IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
C.A. No.: 3:25-cv-678

Kaprice Brewer,

    Plaintiff,

vs.

Primerica Life Insurance Company,

    Defendants.

_____

## COMPLAINT
### (Jury Trial Requested)

### Preliminary Statement

Plaintiff brings this action seeking life insurance benefits against Defendant Primerica Insurance Company under private policy of insurance governed by North Carolina law.

### Parties

1. Plaintiff is a citizen and resident of Wingate, North Carolina which is in Union County.

2. Defendant Primerica Life Insurance Company is an insurance corporation organized and existing pursuant to the laws of one of the States of the United States and which does business and owns property in Union County, South Carolina.

### Jurisdiction and Venue

3. In this matter, Plaintiff seeks life insurance benefits against Defendant United under a private policy issued and governed by North Carolina law. This court has jurisdiction to consider this matter based upon complete diversity of citizenship between the parties and more than $75,000 in controversy.

4. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence and Defendant's presence and doing business in this District.

**Factual Allegations**

5. Plaintiff is the sister of Marcus Jones (hereinafter "Marcus"). Marcus obtained a private policy of life insurance with Defendant with an effective date of January 26, 2023. Plaintiff is the named beneficiary under the policy.

6. Unfortunately, Marcus passed away on June 27, 2024. Plaintiff filed a claim for life insurance benefits with Defendant.

7. Defendant denied Plaintiff's claim alleging that Marcus was not the signatory on the life insurance application. Defendant has failed and refused to approve Plaintiff's claim or pay benefits.

**For a First Cause of Action**

**(Declaration That Policy is in Full Force and Effect)**

8. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

9. Marcus paid all necessary premiums for the policy and/or otherwise satisfied all conditions and performed all requirements under the contract.

10. At the time of Marcus's death, the subject policy was in full force and effect.

11. Plaintiff requests that this Court issue a declaration the life insurance policy that is the subject of the matter *sub judice* is in full force and effect. In the event of such declaration, Plaintiff respectfully requests an award of such actual damages as the trier of fact deems proper and attorney's fees and costs pursuant to state law.

## For a Second Cause of Action

## (Breach of Contract)

12. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

13. Defendant and Marcus entered into an agreement whereby if Marcus passed away Plaintiff would be paid life insurance benefits, as beneficiary under the policy, consistent with the terms of the life insurance policy.

14. Marcus passed away, and Plaintiff filed a claim for life insurance benefits with Defendant. Defendant has failed and refused to pay her any monies or provide her with the benefits of the policy.

15. Defendant denied Plaintiff's claim alleging that Marcus was not the signatory on the application for life insurance. However, Defendant accepted the life insurance application and issued a policy to Marcus with an effective date of January 26, 2023.

16. Defendant's failure to pay life insurance benefits to the Plaintiff is a breach of the contract entered into between Marcus and Defendant. As a direct and proximate

result of the Defendant's breach, Plaintiff has been deprived of the monies and benefits due her under the terms of the policy. Accordingly, Plaintiff respectfully requests an award of such actual damages as the trier of fact deems proper and attorney's fees and costs pursuant to state law because Defendant's denial was, at least, unreasonable. Further, Plaintiff requests an award of interest due on all past due benefits.

### For a Third and Alternative Cause of Action

### (Negligence)

17. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein. Should the Court determine that there was not a valid insurance policy in place at the time of Marcus's death, Plaintiff submits this alternative cause of action.

18. Defendant had the duty to Marcus and Plaintiff, as beneficiary of the policy, to review Marcus's life insurance application and notify him of any deficiencies or errors that appeared on the face of the application.

19. Defendant breached its duty by failing to adequately review Marcus's life insurance application prior to the issuance of the policy and representing to Marcus that he had life insurance coverage up to the date of his death.

20. As a result of Defendant's breach, Plaintiff has been deprived the life insurance benefits to which she is entitled. Accordingly, Plaintiff respectfully requests an award of such actual damages and punitive as the trier of fact deems proper and attorney's fees and costs pursuant to state law.

### For a Fourth and Alternative Cause of Action

## (Negligent Misrepresentation)

21. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein. Should the Court determine that there was not a valid insurance policy in place at the time of Marcus's death, Plaintiff submits this alternative cause of action.

22. Defendant stated and represented to Marcus that his life insurance application had been approved and that a policy was issued and was in force up to the date of his death.

23. Defendant had a pecuniary interest in making the representation as Defendant was paid premiums by Marcus for the life insurance coverage, and it now retains the life insurance benefits that should have rightly been paid had it notified Marcus of any deficiency on the life insurance application within a reasonable time for him to cure the deficiency before his death.

24. Defendant, as the insurer of the life insurance policy, owed a duty of care to Marcus and Plaintiff, as the named beneficiary under the policy. Defendant breached its duty by accepting premiums for the life insurance coverage and representing to Marcus that he had the coverage when, in fact, there was no coverage in place.

25. Plaintiff and Marcus justifiably relied on Defendant's representation that the life insurance coverage was in effect at the time of Marcus's death.

26. Plaintiff has suffered a pecuniary loss due to her reliance on Defendant's representation. She has been deprived the proceeds of the life insurance policy that Defendant represented to Marcus was in effect and would be due and owing upon

Marcus's death. Accordingly, Plaintiff respectfully requests an award of such actual and punitive damages as the trier of fact deems proper and attorney's fees and costs pursuant to state law.

## For a Fifth and Alternative Cause of Action

### (Equitable Estoppel)

27. Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein. Should the Court determine that there was not a valid insurance policy in place at the time of Marcus's death, Plaintiff submits this alternative cause of action.

28. Defendant made an unambiguous representation to Marcus that his application for life insurance coverage had been accepted and that a policy had been issued and was in force.

29. Marcus and Plaintiff reasonably relied on that representation that Marcus had life insurance coverage on the date of his death, and Plaintiff filed a claim for life insurance benefits based on Defendant's representations.

30. Plaintiff's reliance on Defendant's promise was expected and foreseeable, as Defendant issued a policy to Marcus and collected all premiums required under the policy up to the date of Marcus's death.

31. Plaintiff has suffered damages due to the reasonable reliance on Defendant's representations of coverage, as she has not been paid the life insurance benefits from the policy that Defendant affirmatively represented was active and payable upon Marcus's death. Accordingly, Plaintiff respectfully requests an award of such

Page 6 of 7
Case 3:25-cv-00678-GCM    Document 1    Filed 09/08/25    Page 6 of 7

damages as the trier of fact deems proper and attorney's fees and costs pursuant to state law.

WHEREFORE, having fully stated her complaint against the Defendant, Plaintiff prays for:

1) a declaration of entitlement to the life insurance benefits she seeks;

2) actual and punitive damages as determined by the trier of fact;

3) attorney's fees and costs pursuant to North Carolina law; and

3) such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

 

s/ M. Leila Louzri_____
M. Leila Louzri, Esq.
North Bar #: 48743
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, South Carolina 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: mllouzri@fosterfoster.com

Date: September 8, 2025          Attorneys for Plaintiff

Page 7 of 7
Case 3:25-cv-00678-GCM   Document 1   Filed 09/08/25   Page 7 of 7